J-S42042-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TYHEEM MELTON | : | |
| | : | |
| Appellant | : | No. 549 EDA 2023 |

Appeal from the PCRA Order Entered January 27, 2023
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0006840-2015

BEFORE: BOWES, J., STABILE, J., and DUBOW, J.

MEMORANDUM BY STABILE, J.:                    **FILED APRIL 23, 2024**

Appellant, Tyheem Melton, appeals *pro se* from the order denying his petition seeking review of the legality of his sentence filed pursuant to the Post Conviction Relief Act ("PCRA").[1]  Specifically, he argues that based on ***Alleyne v. United States***, 570 U.S. 99 (2013),[2] the court improperly imposed a mandatory minimum sentence.  Upon review, we affirm.

This Court previously summarized the underlying facts as follows:

> In 2012, Appellant, who was prohibited from possessing a firearm based upon a prior conviction, brandished a semiautomatic weapon and fired multiple shots at a rival drug dealer at a bar

---

[1] 42 Pa.C.S.A. §§ 9541-46.

[2] In ***Alleyne***, the United States Supreme Court held that any fact that increases the penalty imposed for a crime is an "element" that must be submitted to the fact-finder and found beyond a reasonable doubt.  570 U.S. at 103.

where the two both engaged in their trade. The rival was killed, as was an innocent bystander. Appellant absconded and evaded arrest for two years until he was detained in Tennessee in 2014.

Upon return to Philadelphia, Appellant negotiated an agreement pursuant to which he entered *nolo contendere* pleas to two counts of third-degree murder and possession of a firearm prohibited in exchange for the dismissal of the remaining charges and an aggregate sentence no lower than twenty to forty years, but with the Commonwealth's abstention from invoking the statute requiring a sentence of life imprisonment without possibility of parole for the second murder conviction. The trial court accepted the plea and on November 23, 2016, imposed two concurrent terms of twenty to forty years for the murder convictions and a consecutive five to ten years for the firearms conviction.

*Commonwealth v. Melton*, 2021 WL 2948441, at *1 (Pa. Super. 2021) (unpublished memorandum) (internal citation omitted).

Following PCRA proceedings resulting in the reinstatement of his post-sentence and direct appeal rights, on August 24, 2020, Appellant filed a post-sentence motion to withdraw his plea or, in the alternative, reconsideration of his sentence. He subsequently withdrew his request to withdraw his plea, and the court denied his motion for reconsideration. This Court affirmed Appellant's judgment of sentence on July 14, 2021. *Id*.

Appellant filed a timely PCRA petition alleging plea counsel was ineffective and that his plea was unlawfully induced. The court appointed PCRA counsel, who subsequently filed a *Turner*/*Finley*[3] no-merit letter and a motion to withdraw. The PCRA court issued its Pa.R.Crim.P. 907 notice and

_____

[3] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988).

Appellant filed a *pro se* response asserting a new claim that he was serving an illegal mandatory minimum term of incarceration. Counsel responded to Appellant's new claim with a supplemental **Turner**/**Finley** letter.

On January 27, 2023, the PCRA court dismissed the petition. Appellant filed a timely Notice of Appeal. Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following issue for our review:

Does not the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013), and its progeny, **Commonwealth v. Newman**, 99 A.3d 86 (2014), **Commonwealth v. Wately**, 81 A.3d 108, 117 (2013), **Commonwealth v. Valentine**, 2014 Pa. Super. 3420 (2014), and **Commonwealth v. Wolf**, 121 A.3d 433 (Pa. 2016), constitute illegal sentencing claims that any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt?

Appellant's Brief at 1.

Appellant avers that his "case falls within th[e] narrow class of cases considered to implicate illegal sentences" as discussed in **Alleyne** and its progeny. **Id.** at 2. Without explicitly stating that he was sentenced to a mandatory minimum, he contends that the "question for determination in this case is whether a fact must be found by a jury beyond a reasonable doubt or whether Pennsylvania's sentencing factors are to be determined by the trial court by a preponderance of evidence that qualify as an 'element' or 'ingredient' of the charged offense." **Id**. at 3. Following our review, we conclude that the PCRA court properly dismissed Appellant's petition.

In reviewing a PCRA court's decision,

Our standard of review . . . requires us to determine whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error. The scope of review is limited to the findings of the PCRA court and the evidence of record, which we view in the light most favorable to the party who prevailed before that court.

*Commonwealth v. Small*, 238 A.3d 1267, 1280 (Pa. 2020) (internal citations omitted).

Here, Appellant vaguely argues that he is serving an illegal mandatory minimum sentence. Although he does not specify which offense, he appears to believe the court imposed a mandatory minimum sentence under 42 Pa.C.S.A. § 9712 for his firearms offense.[4] Section 9712 requires a mandatory minimum sentence of five years where a defendant is convicted of a "crime of violence" while in possession of a firearm. 42 Pa.C.S.A. § 9712(a). A mandatory minimum sentence under Section 9712 is invalid because this Court found Section 9712 unconstitutional in *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014).

The record clearly demonstrates, however, that the court did not impose a mandatory minimum sentence. Initially, the Commonwealth filed a notice of intent to seek a mandatory minimum sentence pursuant to Section 9712

_____

[4] Appellant also suggests that he was sentenced under 42 Pa.C.S.A. § 9712.1, a statute governing certain drug offenses committed with firearms. 42 Pa.C.S.A. § 9712.1. This suggestion is incorrect because Appellant was not convicted of a drug offense.

and 42 Pa.C.S.A. § 9714 (sentences for second and subsequent offenses).[5]

***See*** Notice of Mandatory Minimum Sentence Case, filed 7/9/15. Subsequently, however, Appellant negotiated a plea agreement in which the Commonwealth agreed not to seek a mandatory minimum sentence. ***See*** N.T., Plea Hearing 11/23/16, at 35-36. The trial court made no mention of the applicability of Section 9712 or Section 9714 during the plea and sentencing hearing.

During sentencing, the court noted the standard sentencing guidelines for each offense – 186 to 240 months for third-degree murder and 48 to 60 months for the firearms offense. ***Id.*** at 40. There were extensive arguments concerning the judge's discretion in imposing the sentence. ***Id.*** at 42-54, 68-81. Defense counsel requested a sentence at the bottom of the standard sentencing guidelines and for concurrent sentences on the third-degree murder offenses. ***Id.*** at 54. As for the firearms offense, defense counsel conceded that the trial court could impose a consecutive sentence. ***Id.*** The Commonwealth recommended the maximum sentence for each offense. ***Id.*** at 78. None of these proceedings suggest in any way that the court imposed a mandatory minimum sentence.

---

[5] Section 9714 requires a mandatory minimum sentence of 25 years where a defendant has been previously convicted of two or more crimes of violence. 42 Pa.C.S.A. § 9714(a)(2). This statute remains in effect.

Nor did the court's explanation of Appellant's aggregate sentence of 25 to 50 years suggest that it imposed a mandatory minimum sentence. The court reasoned:

When I consider all of these factors, I will note that this is an unusual situation where the sentencing guidelines, **the maximum sentence that could be imposed by law are actually the standard range sentences for all three of these charges**, and considering everything, I think that's appropriate to impose those sentences.

However, I will permit the two homicide sentences to run concurrent to each other, and that will achieve an aggregate sentence of 25 to 50 years, which I think is fair under all these circumstances.

So for all those reasons, on the charge of third-degree murder, victim, Crystal Shadding, Count One, I'm going to impose the **standard range sentence** equal to the maximum sentence of 20 to 40 years in state prison. Any mandatory costs will be added as well.

For the murder of Troy Wimberly, Count Seven, I'll impose the maximum sentence of 20 to 40 years in state prison, which, as I said, is a **standard range sentence**.

On the gun charge, I'll impose the **maximum sentence** of five to ten years.

*Id.* at 86-87 (emphasis added). The court's repeated references to "standard range sentence" demonstrates that it imposed the maximum sentence available under the standard sentencing guidelines, not a mandatory minimum sentence.

Several other facts confirm the same point. Appellant signed a written *nolo contendere* plea colloquy containing the following handwritten note under the "plea bargain or agreement" heading: "There is no plea bargain of any

- 6 -

kind, except [Appellant] will be sentenced to no less than a 20 year minimum & max to be set by judge." Written Nolo Contendere Plea Agreement, 11/23/16. Additionally, Appellant's sentencing order does not indicate that he received a mandatory minimum sentence. Nolo Contendere Sentencing Order, 11/23/16. Lastly, Appellant was sentenced nearly two years *after* this Court held Section 9712 unconstitutional in **Valentine**. Given this chronology, we have no reason to suspect that the court intended to impose a sentence that flew in the face of **Valentine** instead of a valid standard range sentence available under the guidelines.

In sum, we find that Appellant was not sentenced to a mandatory minimum and therefore is not entitled to relief under **Alleyne**. Accordingly, the trial court did not err in dismissing his PCRA petition.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/23/2024